**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

VICTORIANO MENDEZ-GARCIA,

        Plaintiff,

    v.

CITY OF MADERA, et al.,

        Defendants.

_____/

Case No.  1:13-cv-01793-MJS

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE**

**(ECF NO. 69.)**

I.    **INTRODUCTION**

    This case is set for a trial on December 8, 2015, at 8:30 a.m. before the undersigned. Pending before the Court are eleven motions in limine filed by the City of Madera and Officer Josh Chavez ("the Madera Defendants"). (ECF No. 69.) Defendant United States of America joined in the motions. (ECF No. 70.) No opposition has been filed by Plaintiff. For that reason and for the additional reasons set forth below, the said motions shall be GRANTED to the extent and in the manner set forth below, but DENIED IN PART, on the Court's own analysis, in the limited respects set forth below

II.   **LEGAL STANDARDS**

    Motions in limine may be "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. U.S., 469 U.S. 38, 40 n.2 (1984). "Although the Federal Rules of Evidence do not explicitly authorize in

limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Id. at 41 n.4. Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence." Fed. R. Evid. (FRE) 403. "Evidence is relevant if [¶] (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and [¶] (b) the fact is of consequence in determining the action." FRE 401.

## III.   DEFENDANTS' MOTION IN LIMINE

Defendants move to exclude evidence and witnesses in each of the eleven following categories.  The Court rules on each category following its identification:

### 1.   **Evidence or witnesses not previously disclosed**

Defendants first move to exclude the use of evidence and/or witnesses that were not disclosed in discovery or identified in the Court's pretrial order.

This motion is **GRANTED** as to witnesses not disclosed pursuant to Federal Rule of Civil Procedure 26(a) and Eastern District of California Local Rule 281(b)(10) and identified in the Court's Pre-Trial Order (ECF No. 62) and as to evidence not disclosed in response to Rule 26 or in discovery. Exceptions to this Order may be made on motion outside the presence of the jury and after a finding by the Court that such witnesses may testify to prevent manifest injustice (Fed. R. Civ. P. 16(e)) or that the failure to disclose such evidence was substantially justified or harmless. Wong v Regents of the University of California, 379 F.3d 1097, 1105 (9th Cir. 2001)

### 2.   **Exclude non-party witnesses**

Defendants move to exclude non-party witnesses from the courtroom during trial-related proceedings.

This motion is **GRANTED.**   All potential witnesses other than the parties themselves shall be excluded from the courtroom during trial and all trial related activities, including voir dire, opening statement and matters taken up outside the jury. Fed. R.

Evid. 615.

3.   **Law enforcement training**

Defendants seek to exclude all reference to law enforcement officer training on the grounds that the training of Defendant's is not in issue and Plaintiff has not designated an expert witness to testify about law enforcement training.

This motion is **GRANTED IN PART**: Plaintiff shall not call any witness not identified, in accordance with Federal Rule of Civil Procedure 26 and in the Pre-Trial Order, as an expert on law enforcement officer training. However, a failure by a Defendant to comply with training could constitute relevant evidence supporting Plaintiff's claims if otherwise properly introduced, for example, through cross-examination of properly qualified and disclosed witnesses.  The motion will be **DENIED** as to the latter.

4.   **Other complaints or lawsuits**

Defendants seek, on several grounds, to exclude evidence of other alleged improper law enforcement activities by Defendants and/or complaints regarding same, to try to show a wrongful course of conduct by Defendants or the like.

Among other things, Defendants argue that discovery did not identify any such potential evidence or claims, rendering it prejudicial to Defendants to allow its introduction. The absence of opposition to this motion suggests Plaintiff agrees no such evidence will be offered. The motion may be granted on that ground.

Regardless, the Court finds that any attempt to introduce such evidence would effectively require a trial within a trial of the facts relevant to each of the other alleged incidents to determine their potential relevancy and probative value. The Court finds that would require an undue consumption of time and produce a likelihood of confusion of issues, and so will **GRANT** the motion on that ground.  Fed. R. Evid. 403; see also Fed. R. Evid. 404, 405, and 406.

5.   **Changes of procedure following the incident**

Following the incident at issue in this case, the Madera Police Department modified its approach to situations similar to that alleged here. Defendants seek to have

evidence of any such modification excluded pursuant to Federal Rule of Evidence 407.

Rule 407 reads:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> •negligence;
> •culpable conduct;
> •a defect in a product or its design; or
> •a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures.

This motion is **GRANTED** with regard to any attempt by Plaintiff to introduce evidence of a change in procedure in an effort to prove negligence, culpable conduct, or a need for a warning or instruction.  Further, the motion is **GRANTED** insofar as Plaintiff may not introduce such evidence for any other purpose without first making an offer of proof outside the presence of jury and the Court finding the proposed introduction will comply with Rule 407.

### 6.   **Expert opinion testimony**

Plaintiff has identified as possible witnesses individuals who may have expertise in medical and other fields and, if properly designated, might be able to provide opinion evidence. However, reportedly no expert witnesses were designated by Plaintiff in accordance with FRCP 26.  Accordingly, no witness called by Plaintiff will be permitted to express expert medical or other opinion or testify on any subject outside of his or her own perception. Fed. R. Civ. P. 26(a)(2)(A)-(B), 37(c)(1). Defendants' motion is **GRANTED**.

### 7.   **Plaintiff's medical records**

Defendants move to exclude medical records pertaining to Plaintiff's treatment in connection with the incident which is the subject of this action on the grounds that they cannot be properly authenticated and that even if the contrary were true, they contain hearsay within hearsay and expert opinion.

Pursuant to Federal Rule of Evidence 901(a), documents can be authenticated if

the proponent "produce[s] evidence sufficient to support a finding that the item is what the proponent claims it is." Examples of satisfactory evidence include testimony of a witness with knowledge (Rule 901(b)(1)), distinctive characteristics and the like (Rule 901(b)(4)).[1]

Medical professionals, even if not designated as expert witnesses, may identify their own notes and records and use them to refresh recollection on otherwise relevant and competent evidence.   Thus, Defendants' hearsay and expert witness objections, though valid and sustained, do not necessarily foreclose the evidence.

The Court will **reserve judgement** on this motion until it has had an opportunity to examine proffered medical records and determine their authenticity, relevance and other admissibility issues.

8.   **Medical treatment of Plaintiff**

Defendants also move to exclude testimony from Plaintiff regarding medical findings and diagnoses relating to injuries sustained in the incident which gives rise to this action. Reportedly, Plaintiff has not been designated as a medical expert.  Thus, he cannot provide medical opinion evidence, even if he were professionally qualified, and it is assumed he is not. This motion is **GRANTED.**   Plaintiff may nevertheless testify regarding physical, mental, or emotional symptoms he experienced. Fed. R. Evid. 601. Additionally, and consistent with the discussion supra, testimony from medical professionals will be permitted to the extent it is based on the professionals' own perceptions.

9.   **Madera Police Department policies and procedures**

Defendants seek the exclusion of evidence and testimony relating to Madera Police Department's policies and procedures. They argue that without the testimony of an expert witness, and none has been designated by Plaintiff, such evidence would confuse the jury or cause it to speculate and prejudice Defendants.

---

[1] Though Defendants rely on <u>Escriba v. Foster Poultry Farms</u>, 793 F. Supp. 2d 1147 (E.D. Cal. 2011), for the proposition that medical records cannot be self-authenticated, courts have routinely found medical records properly authenticated pursuant to Rule 901(b)(4). <u>See, e.g.</u>, <u>Tate v. Kaiser Foundation Hospitals</u>, 2014 WL 176625, at *5 (C.D. Cal. Jan. 15, 2014); <u>Goedecke v. Vinivan</u>, 2008 WL 2668768, at *4 (D. Ariz. July 1, 2008).

1    Assuming Plaintiff has not designated an expert on police policies and procedures,

2   the Court is unable to anticipate if and how Plaintiff he might offer evidence on the

3   subject of this motion. It is conceivable that such evidence could be adduced through

4   cross-examination. Accordingly, Defendants' motion will be **GRANTED** insofar as Plaintiff

5   may not attempt to offer such evidence except through properly qualified and identified

6   witnesses.

7    10.    **Negligence of the City of Madera or Police Officer Josh Chavez**

8    Defendants move to exclude evidence of alleged negligence on the part of the

9   Madera Defendants. In light of Plaintiff's admitted failure to comply with the California

10  Government Tort Claims Act, no negligence claim remains against these Defendants.

11  Such testimony therefore would cause unnecessary confusion and potentially mislead the

12  jury. See FRE 403. Accordingly, this motion is **GRANTED** as to the Madera Defendants.

13   Plaintiff maintains a negligence claim against the United States.  However, there is

14  no right to a trial by jury on Plaintiff's claims against the United States See 28 U.S.C. §

15  2402; Liebsack v. United States, 540 Fed. Appx. 640, 642 n.1 (9th Cir. 2013).   His

16  negligence claims will be tried to the Court alone. In this regard, the Court finds that there

17  is a risk of confusing or misleading the jury in asking them to distinguish between

18  evidence of negligence and evidence of a Constitutional violation and between the

19  Defendants, and that the Court and the parties likely will have to devote an undue

20  amount of time to attempt to avoid such confusion. Additionally, the Court sees no benefit

21  in allowing evidence of negligence to come before the jury and envisions no prejudice to

22  any party in reserving such evidence for presentation to the Court outside the presence

23  of the jury. Accordingly, it is the Court's **tentative decision** to **BIFURCATE** trial of the

24  issue of negligence on the part of the United States and have it tried to the Court outside

25  the presence of the jury at a to-be-determined appropriate time during the trial (perhaps

26  while the jury is deliberating). The parties may be heard on this issue when trial begins.

27   11.    **Neuropsychologist Paola Cecilia Frias Gomez**

28    Finally,   Defendants   move   to   exclude   evidence   from   or   pertaining   to

neuropsychologist Paola Cecilia Frias Gomez.

It is unclear, but presumed, that this apparent medical professional treated Plaintiff. If she did, she may be permitted under Federal Rule of Evidence 602 to testify as a percipient witness to her own personal observations if relevant. Reportedly she was not identified as an expert in compliance with Federal Rule of Civil Procedure 26, and so will not be permitted to testify as an expert witness or provide opinion evidence. Defendant's motion is in that respect **GRANTED IN PART**.

**IV.     ORDER**

For the reasons and in the manner set forth above, IT IS ORDERED that the parties and their witnesses not attempt to suggest the existence of or introduce excluded evidence, as described above, in any form and not to comment thereon directly or indirectly, or refer to it in any way, before the jury without first obtaining the Court's permission to do so.  The parties are further required to warn, caution, and instruct each and every one of their witnesses to comply with this Order and make no reference whatsoever to evidence so excluded.


IT IS SO ORDERED.

Dated:   December 4, 2015           /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE