# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIANO MENDEZ-GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MADERA, et al.,<br><br>Defendants.<br>_____/ | Case No. 1:13-cv-01793-MJS<br><br>**ORDER EXCLUDING EVIDENCE RE PROBABLE CAUSE FOR ARREST AND DISMISSING CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |

By this Order, the Court rules on those unresolved "other issues", so identified in its October 16, 2015, Pretrial Order. (ECF No. 62.)

For the reasons set forth below, Plaintiff shall be precluded from introducing evidence on the issue of whether or not Defendants had probable cause to detain and/or arrest Plaintiff. Additionally, Plaintiff's negligent infliction of emotional distress ("NIED") claim fails as a matter of law.

**A.   Probable Cause**

In his Pretrial Statement, Plaintiff raised a factual issue as to whether Officer Chavez had probable cause to detain and arrest him. See ECF No. 58 at 3. It is undisputed, though, that Plaintiff was found guilty of resisting arrest in violation of California Penal Code § 148. To date, that conviction stands.

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by

actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages based upon a conviction or sentence that has not been so invalidated is not cognizable under § 1983. See id. at 487.

Heck generally bars claims challenging the validity of an arrest, prosecution or conviction. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

A claim that Officer Chavez did not have probable cause to detain or arrest Plaintiff would be inconsistent with Plaintiff's finding of guilt for resisting a lawful arrest. That underlying conviction stands. The proposed claim therefor is barred by Heck. Accordingly, evidence relating to the existence or lack of probable cause for Plaintiff's arrest would be irrelevant and will not be permitted.

**B.   Negligent Infliction of Emotional Distress**

Plaintiff has asserted a claim of NIED against the United States. Plaintiff was previously informed that there is "no independent tort of negligent infliction of emotional distress" on the direct victim of a defendant's acts. Gu v. BMW of North America, LLC, 132 Cal. App. 4th 195, 202 (2005) (quoting Potter v Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993). Since Plaintiff is the direct victim, his NIED claim fails as a matter of law.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall not introduce or attempt to introduce any evidence relating to the issue of whether or not Defendants had probable cause to detain and arrest Plaintiff. It is ALSO ORDERED that Plaintiff's NIED

claim against the United States be and hereby is dismissed.

IT IS SO ORDERED.

Dated:   December 7, 2015        /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE